EL PUEBLO *v.* VILLAFAÑA.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 323.—Resuelto en marzo 24, 1911.

DENUNCIA—EXCEPCIÓN PREVIA—INFRACCIÓN DE LA LEY DE FARMACIA.—En este caso se presentó la siguiente denuncia: Yo, A. R. etc. formulo denuncia contra R. V. por delito de infringir la Ley de Farmacia, (sección 18), cometido de la manera siguiente: Que en 20 de Junio de 1910 y en la calle del Conde de Mirasol, del Distrito Judicial . . . . . . . el citado individuo tenía en los aparadores de su establecimiento mercantil los siguientes artículos en contravención con lo dispuesto en la Ley de Farmacia: Una caja de agua de Carabaña; 10 libras de hoja de sen; etc. Que los mencionados artículos se ofrecían en venta al público. En apelación *se resolvió:*

(*a*) Que en la forma en que aparece redactada esa acusación no imputa al acusado delito alguno, por el cual pueda y deba ser castigado, ya que faltan en ella requisitos esenciales para que pueda comprenderse que se imputa la comisión de un delito;

(*b*) Que en ella sólo se atribuye al acusado el hecho de ofrecer en venta los refe-
ridos artículos, lo que no constituye delito sin la concurrencia de algún otro
hecho que lo convierta en un acto penable, siendo necesaria su alegación;

(*c*) Que si el hecho imputado al acusado infringía la Ley de Farmacia, debió ale-
garse que no estando autorizado para ejercer la profesión de farmacia, ven-
día o tenía a la venta dichos artículos, no siendo suficiente alegar que con-
travenía la Ley de Farmacia, porque 'ésta es una conclusión legal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Tous Soto.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Ante la Corte Municipal de Vieques se presentó denuncia contra el acusado, que fué luego vista en apelación ante la Corte de Distrito de Humacao en donde el acusado formuló una excepción previa, que no consta de la transcripción de los autos cual fuera, ni su resolución, pero que indudablemente fué desestimada, por cuanto dicha corte de distrito dictó sentencia en 1°. de noviembre de 1910, declarando al acusado culpable del delito de infringir la ley de Farmacia de 1906 y lo condenó a pagar una multa de cincuenta dollars y en su defecto la pena de cincuenta días de prisión en la cárcel del distrito y también a pagar las costas.

Contra esa sentencia apeló el acusado para ante esta Corte Suprema, en la que no presentó exposición del caso, pliego de excepciones, ni alegato de errores.

El informe emitido por el Hon. Fiscal de esta corte, lo fué en el sentido de que se confirmara la sentencia.

En la transcripción de los autos encontramos que la denuncia jurada fué en este caso la siguiente:

"*Denuncia:* Corte Municipal de Vieques, P. R. Estados Unidos de América. El Presidente de los Estados Unidos. *El Pueblo de Puerto Rico* v. *Rafael Villafaña.* Yo, A. Ramírez Rivera, P. I., vecino de Vieques, P. R., calle de San Francisco, de 24 años, formulo denuncia contra Rafael Villafaña por delito de infringir la Ley de Farmacia, (Sección 18), cometido de la manera siguiente: Que en 20 de junio de 1910 y en la calle del Conde de Mirasol, del Distrito Judicial

Municipal de Vieques, P. R., que forma parte del Distrito Judicial de Humacao, P. R., el citado individuo tenía en los aparadores de su establecimiento mercantil los siguientes artículos, en contravención con lo dispuesto en la Ley de Farmacia: Una caja de agua de carabaña, 22 botellas de agua de carabaña, 10 libras de hoja de sen, 2 galones de aceite de castor, 10 libras de aceite de almendras. Que los mencionados artículos se ofrecían en venta al público. Que como este hecho es contrario a la ley, se lo comunico para los fines de justicia, siendo testigos Serafín López, placa No. 609. (Firmado) A. Ramírez Rivera, L. Corpl., I. P., denunciante.''

En la forma en que esta acusación ha sido redactada, no imputa al acusado delito alguno por el cual pueda y debe ser castigado, ya que faltan en ella requisitos esenciales e indispensables para que pueda comprender cualquiera persona de regular inteligencia que se imputa la comisión de un delito.

En ella sólo se atribuye al acusado el hecho de ofrecer en venta en su establecimiento mercantil los artículos que en la misma se relaciona, lo que siendo cierto no constituye delito alguno penable por nuestras leyes vigentes, sino concurre algún otro hecho que lo convierta en delito y que, por consiguiente, haría necesaria su alegación.

Si como el denunciante entiende y afirma, el hecho que imputó al acusado infringía la Ley de Farmacia, debió expresar el hecho por el cual el acusado, expendiendo tàles artículos desobedecía esa ley y por consiguiente, que no estando autorizado para ejercer la profesión de farmacia, los vendía o lo tenía a la venta, pero no ha podido consignar, como lo hizo, que el acusado contravenía la Ley de Farmacía, porque esta es la conclusión legal a que debe llegar el juez en vista de la exposición de los hechos que se atribuyan al acusado.

Ya esta Corte Suprema, en el caso de *El Pueblo de P. R.* v. *Ruiz y otros,* resuelto en 21 de mayo de 1906 dijo lo siguiente:

''No pretendemos que una denuncia contenga todos y cada uno de los elementos de una verdadera acusación, pero sí debe contener una y otra aquello que es esencial para que se conozca con claridad cuál es

el delito imputado a fin de que el acusado prepare su defensa sin dudas ni vacilaciones de ningún género.

"Todo caso en que tenga hoy jurisdicción el juez municipal, debe empezar por denuncia jurada del denunciante o de la autoridad o funcionario que tenga conocimiento del caso, o que haya arrestado al acusado. Así lo preceptúa el artículo 22 del Código de Enjuiciamiento Criminal, reformado por la ley aprobada en doce de marzo de mil novecientos tres.

" 'El artículo 23 de dicho Código dice así:

"Toda declaración jurada contendrá, tan detalladamente como sea posible, la naturaleza del delito y las circunstancias que hayan concurrido en su perpetración  *  *  *.

"Ese precepto se ha infringido en la denuncia que estamos examinando, porque el artículo 299 del Código Penal especifica los juegos que son punibles y en dicha denuncia no se expresa cuál es el juego que se jugaba, es decir, si era faro, monte, ruleta, etc., sin que pueda ser suficiente al propósito de la ley, la expresión de que fué 'sorprendida una jugada a lo prohibido' como únicamente se dice en la denuncia. Esa frase es más bien una apreciación que pudo ser errónea, puesto que podían estar los acusados jugando un juego lícito y creer el denunciante de buena fe que ese juego lícito estaba prohibido. Era indispensable, como dice la ley, que en la denuncia se hubiera expresado con los detalles posibles la naturaleza del delito y las circunstancias que concurrieron en su perpetración y no habiéndose hecho así, la denuncia debió ser rechazada porque no se imputó delito alguno a los individuos a que se refería.

"Robustecen estos razonamientos el caso de *El Pueblo* v. *Carroll*, 80 Cal., página 153 y el de *El Pueblo* v. *Cosset*, 93 Cal., página 641, a los cuales se refirió también el Juez Sr. Wolf, en su opinión emitida en el caso número 31 que se falló por este Tribunal Supremo en veinte y cinco de febrero de mil novecientos cinco, de *El Pueblo de Puerto Rico* v. *J. T. Ramsey y otros* por juegos prohibidos."

Estamos en un todo conforme con las consideraciones consignadas en esa opinión.

Si se estimaran buenas y suficientes acusaciones con manifestaciones como la de que los acusados jugaban a lo prohibido, sin decir cuál era el juego a que se dedicaban, o con la de que "Vendían ciertos artículos en contravención a la Ley de Farmacia," quedaría la libertad y tranquilidad de un

ciudadano, a la apreciación más o menos errónea que de la ley hubiera formado el denunciante.

Los hechos esenciales de la acusación no pueden ser omitidos en una denuncia, y es indispensable en casos como el de que ahora nos ocupamos, el afirmar que se ejercía la profesión de farmacia sin licencia para ello, que es lo que castiga esa ley, por lo que faltando ese requisito es defectuosa y no imputa delito alguno al acusado.

Resolvemos este caso por la denuncia en sí misma, sin que se entienda por esto que aceptamos ni rechazamos el que pueda castigarse de acuerdo con la ley citada el vender u ofrecer en venta los artículos que en la denuncia se relacionan, pues no es punto que necesitamos considerar y resolver ahora en vista de lo defectuosa de la acusación.

Por las razones consignadas, debe revocarse la sentencia apelada con las costas de oficio.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary, no tomó parte en la resolución de este caso.